

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT
CASE NO.: 14-15733

GREGORY WELCH,
    Appellant,

v.

UNITED STATES OF AMERICA,
    Appellee.
_____/

## MOTION FOR CERTIFICATE OF APPEALABILITY TO THE COURT OF APPEALS

COMES NOW, Appellant files this Certificate of Appealability, pro-se. Appellant is a layman of the Law, unskilled in the Law, therefore, request that this Motion for a Certificate of Appealability be construed liberally. Haines v. Kerner, 404 U.S. 519 (1972).

Appellant states the following reasons why he should be granted a Certificate of Appealability:

1). Appellant's plea was based on a 1-10 year sentence, however, several months later, Appellant received a plea for 15 years to life. This was after the Appellant had given up all of his rights and waived all of his statute rights away, based on a 1-10 year plea[1]. Had Appellant known that he was going to be declared as an armed career offender, he would never ever have pled

1.

guilty. But would have instead proceeded directly to trial, and proved his innocence in a Court of Law.

2). Counsel had an agreement with the Government for a 0-10 year plea.[2] Which became involuntary, unintelligent and unknowingly when the Government reneged on the plea agreement. Santobello v. New York, 404 U.S. 257 (1971). Appellant had already been debriefed about his case and all of that information was included in the plea agreement of the ten year plea agreement. Therefore, when the Government reneged on the plea agreement, of the 1-10 years, it became involuntary, invalid and Appellant should never have been sentenced to 15 years in a Federal prison. See Santobello v. New York, 404 U.S. 257 (1971). Appellant's Sixth Amendment rights to effective assistance of counsel was violated when counsel allowed the 0-10 year plea agreement to be breached. Appellant was prejudiced by the breach of the plea agreement and caused the Appellant 15 years in a Federal prison ineffectively. Strickland v. Washington, 466 U.S. 466 (1984); Cronic v. United States, 466 U.S. 648 (1984); Hill v. United States, 368 U.S. 424-429 (1962); Lafler v. Cooper, 132 S.Ct. 1376 (2012); Missouri v. Frye, 132 S.Ct. 1399 (2012); Padilla v. Kentucky, 130 S.Ct. 1476 (2010); and Hill v. Lockhart, 474 U.S. 48-52 (1985). It was as if the United States

---

1. Petitioner's 6th Amendment right was violated when counsel failed to object to the fact under Rule 11(a)(c), once a Plea is accepted only the Court can reject the Plea (NOT the attorney) ONLY the Court.
2. Lalfer v. Cooper, 132 S.ct. 1399; Missouri v. Frye, 132 S.Ct. 1376, the Court clarified that the Sixth Amendment right to the effective assistance of counsel extends specifically to the negotiation and consideration of Pleas that lapse or are rejected.

District Court never even looked at Appellant's argument one. A Certificate of Appealability should issue in this case, based on violations of the Appellant's Fifth Amendment rights to due process and his Sixth Amendment rights to effective assistance of counsel, which prejudiced the Appellant and caused him 15 years in a breached plea agreement. Jurists of reason would say that this case deserves more encouragement and should be developed further. Appellant has shown in this argument one, a denial of his Fifth, Sixth, and Eighth Amendments to due process, ineffective assistance of counsel, and cruel and unusual punishment for the Government to have breached the plea agreement when in fact, it had already agreed to a 0-10 year sentence, and reneged on the agreement and sentenced the Appellant, based on a totally different plea agreement, for which was never the basis of the first plea agreement.

Because Appellant has shown a denial of his Constitutional rights in violation of <u>Barefoot v. Estelle</u>, 463 U.S. 880 (1983); <u>Slack v. McDaniels</u>, 529 U.S. 473 (2000); and <u>Miller El v. Cockrell</u>, 537 U.S. 322 (2003). Appellant request remand of his involuntary, unintelligent, and unknowing plea agreement. Had Appellant known his first plea agreement would be reneged on by the Government, he would have never pled guilty at all and would have proceeded

3.

directly to trial and proven his innocence in a Court of Law. See Appellant's June 18, 2010, first plea agreement, on Page 19 and Page 20, Line 1-9, based on Appellant's 0-10 year plea agreement that was totally breached by the Government and counsel.

Appellant states that he has just shown several Constitutional violations in regards to <u>Barefoot v. Estell</u>, <u>supra</u>.; <u>Miller El v. Cockrell</u>, <u>supra</u>.; and <u>Slack v. McDaniels</u>, <u>supra</u>.

2). Appellant state that his armed career offender status, for State of Florida priors, Docket No's.: 1996-CF-005680 (Robbery conviction); 1996-CF-001575 (Robbery conviction); and 2003-CF-17694 (Battery). These state priors violate <u>United States v. Johnson</u>, 13-720 8th Cir. 526 F.Appx. 708, 2013, in the United States Supreme Court, pending an April, 2015, oral argument briefing. Appellant's state priors, also, violate <u>Shepard v. United States</u>, 544 u.S. 13, 26 (2005), because there was no <u>Shepard</u> documentation to verify these state priors, as being legally legitimate. See also, <u>Taylor v. United States</u>, 495 U.S. 575 (1990), in regards to the categorical approach; and <u>Descamps v. United States</u>, 133 S.Ct. 1265 (2010); <u>Begay v. United States</u>, 129 S.C.t 1581 (2008); and <u>United States v. Day</u>, 465 F.3d 1265 (11th Cir. 2006).

All of these cases state that Appellant's armed career offender status is unconstitutional and violate the Appellant's Fifth Amendment right to notice of the state priors, and the proper documentation for armed career offender status, for which was never used according to Shepard, Taylor, and Descamps, supras. Appellant's Sixth Amendment rights were also violated based on counsel's ineffectiveness, in not pursuing the unconstitutionality of Appellant's career offender status, all the way to the United States Supreme Court, based on improper Shepard, Taylor, Day, and Descamps requirements that presentedly violate the Appellant's Fifth Amendment rights to due process of proper notice and legally verified state documentation, Appellant's Sixth Amendment right to effective assistance of counsel which prejudiced and caused the Appellant 15 years as an armed career offender when in fact, he was never legally an armed career offender and should never have been declared one, either according to his Fifth, Sixth, and Eighth Amendment rights to cruel and unusual punishment, for which he remains incarcerated, based on an armed career offender status, for which he never was eligible for such status at all according to all of the above stated reasons.

Jurists of reason would agree that this argument deserves fur-

ther encouragement, and should be developed further. Jurists would also agree that Appellant has shown violations of his Constitutional rights and that they have been violated and denied to the Appellant based on the above stated reasons. And based on <u>Slack v. McDaniels</u>; <u>Miller El v. Cockrell</u>; and <u>Barefoot v. Estelle</u>, <u>supras</u>, Appellant would never have pled guilty had he known his Constitutional rights would be violated in this manner, based on invalid, inadequate, insufficient, and none-certified documentation, that caused the Appellant to be unconstitutionally denied his Fifth, Sixth, and Eighth Amendment rights. Jurists of reason would agree that this claim deserves further encouragement. Based on all of the above stated reasons, and that Appellant has shown denials of his Constitutional rights, therefore, deserves a Certificate of Appealability.

CONCLUSION

Appellant hopes and prays that he will be granted a Certificate of Appealability and to counsel, based on his indigency status, for which he can not afford counsel, that is why his Certificate of Appealability is pro-se, and Appellant is a layman of the Law, unlearned in the Law, and therefore request counsel in this case.

Respectfully Submitted,

1/12/15
Executed On

Gregory Welch
#73675-004
FCC-COLEMAN-MEDIUM
POB 1032
COLEMAN, FLORIDA
33521-1032

6.

CERTIFICATE OF SERVICE

I, Gregory Welch, majority, CERTIFY, that a true and correct copy of the foregoing has been furnished, via United States Postal Service, this 12 day of January, 2015, to:

Clerk of U.S. Court of Appeals
For The Eleventh Circuit
56 Forsyth Street, Northwest
Atlanta, Georgia
30303

AND

U.S. Attorney's Office
500 South Australian Avenue
Fourth Floor
West Palm Beach, Florida
33401

Respectfully Submitted,

_____
Gregory Welch
#73675-004
FCC-COLEMAN-MEDIUM
POB 1032
COLEMAN, FLORIDA
33521-1032

Title 28 U.S.C.
Section 1746

7.

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT
CASE NO.: 14-15733

GREGORY WELCH,
    Appellant,

v.

UNITED STATES OF AMERICA,
    Respondent.
_____/

## APPELLANT'S REQUEST FOR APPOINTMENT OF COUNSEL

COMES NOW, Appellant is a layman of the Law, and unlearned in the Law, and because he is unlearned in the Law, and requested the assistance of jail house, pro-se litigant Donald G. Green, #39747-019, Coleman, Unit B-2, Appellant request counsel, based on his indigency status, and layman of the Law status in the Event he is granted a Certificate of Appealability.

## CONCLUSION

Appellant hopes and prays for the Appointment of Counsel, based on the above stated reasons.

1/12/15
Executed On

Respectfully Submitted,

Gregory Welch
#73675-004
FCC-COLEMAN-MEDIUM
POB 1032
COLEMAN, FLORIDA
33521-1032

1.

CERTIFICATE OF SERVICE

I, Gregory Welch, majority, CERTIFY, that a true and correct copy of the foregoing has been furnished, via United States Postal Service, this 12 day of January, 2015, to:

Clerk of U.S. Court of Appeals
For The Eleventh Circuit
56 Forsyth Street, Northwest
Atlanta, Georgia
30303

AND

U.S. Attorney's Office
500 South Australian Avenue
Fourth Floor
West Palm Beach, Florida
33401

Respectfully Submitted,

Gregory Welch
#73675-004
FCC-COLEMAN-MEDIUM
POB 1032
COLEMAN, FLORIDA
33521-1032

Title 28 U.S.C.
Section 1746

2.